IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | Criminal Action No. 17-00177-KD-N |
| ELMER JAMES MOSELY, ) | |
| ) | |
| Defendant. ) | |

# ORDER

This action is before the Court on the motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) and documents in support filed by Defendant Elmer James Mosley (doc. 78). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

I. Background

Mosely and his co-defendant Sheldon Terrell Peters were indicted for drug-trafficking offenses (doc. 1). In Counts One, Two and Four, Peters was indicted for the offense of possession with intent to distribute methamphetamine. In Count Three, Mosely and Peters were indicted for aiding and abetting one another and others to possess with intent to distribute methamphetamine. The United States filed an enhancement information stating that Mosely had three prior felony drug offenses which increased his statutory sentence to a mandatory minimum sentence of ten years in prison (doc. 40). Mosely pleaded guilty and in May 2018, he was sentenced to 168 months (doc. 55).

Mosely now moves the Court for "compassionate release / sentence reduction" (doc. 78). As grounds, Mosley appears to argue that because of changes in the law, his prior felony drug offenses and his current offense of conviction, are no longer "serious drug offenses" (doc. 78).

From this, Mosely reasons that he is entitled to a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A).[1]

II. <u>Analysis</u>[2]

Title 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, provides that upon motion of the defendant or the Director of the Bureau of Prisons, the Court may reduce a sentence if there are extraordinary and compelling reasons which warrant a reduction, certain procedural[3] requirements are met, the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a

---

[1] Mosely cites to <u>Concepcion v. United States</u>, 124 S. Ct. 2389 (2022). Concepcion had been convicted of a crack cocaine offense in 2007 and sought a reduction of sentence under the First Step Act of 2018. The Supreme Court held that the First Step Act allows the district courts to consider intervening changes in the law and changes of fact when exercising their discretion to reduce a sentence for an eligible defendant. The Court of Appeals for the Eleventh Circuit explained that "*Concepcion's* holding does not address compassionate release motions. Instead, *Concepcion* held that district courts, when adjudicating a motion under the First Step Act, 'may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison).' Importantly, the *Concepcion* opinion states that Congress may cabin what district courts may consider when sentencing (or resentencing) a defendant, and it expressly cited the compassionate release statute as an example: 'For [§ 3582(c)] proceedings, Congress expressly cabined district courts' discretion by requiring courts to abide by the Sentencing Commission's policy statements.'" <u>United States v. Beckford,</u> No. 22-10638, 2022 WL 4372553, at *3 (11th Cir. Sept. 22, 2022) (quoting <u>Concepcion</u>, 124 S. Ct. at 2396, 2401).

[2] Mosely also states that his "922(g) count was dismissed but I was still giv[en] points for it, which is an error, which boosted my guideline range" (doc. 78). He also states that if he were "sentenced today under Section 403 of the First Step Act of 2018, [his] sentence would be less severe." (Id.). Section 403 eliminated the "stacking" of § 922(g) sentences when multiple 922(g) convictions were based on the same indictment. Mosely is mistaken. He was not indicted for a § 922(g) offense in this action, there were no 922(g) convictions to "stack", and he did not receive any "points" for a 992(g) offense which "boosted" his guidelines range (doc. 51, Presentence Investigation Report). Mosely appears to reference the Criminal History Points (3) that he received for his convictions for Assault, Second Degree and "Discharge Gun into Occupied Building." (Id., at p. 9).

[3] Defendants may file a § 3582(c)(1)(A) motion after they have "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A). The Warden's denial of Mosely's request for

reduction in sentence, and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Court of Appeals for the Eleventh Circuit has held that "§ 1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)." United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021).

The Policy Statement, in relevant part, provides that upon motion under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a term of imprisonment if it determines that the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction, there are extraordinary and compelling reasons which warrant a reduction, the defendant is not a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g), and the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.  However, the district courts need not analyze the above requirements in any specific order. See United States v. Tinker, 14 F. 4th 1234, 1237-1238 (11th Cir. 2021) (per curiam).  Importantly, should the movant fail to make a showing on any one requirement, that failure "would foreclose a sentence reduction." Id. at 1238.

The Policy Statement lists four circumstances as examples of extraordinary and compelling reasons under § 3582(c)(1)(A).  Specifically, the "medical condition of the defendant" such as a terminal illness, or serious physical or medical condition, or serious functional or cognitive impairment, or age-related physical or mental health deterioration. U.S.S.G. § 1B1.13, cmt. n.1(A). Also, the "age of the defendant" where the "defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of

---

reduction of sentence indicates that Mosely made his request on July 3, 2022 (doc. 78).  Mosely signed his § 3582(c)(1)(A) motion on August 6, 2022.  His motion is deemed filed on that date.

imprisonment, whichever is less." Id. at cmt. n.1(B).  Additionally, certain "family circumstances" may provide grounds for a reduction of sentence. Specifically, "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children. [or] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id. at cmt. n.1(B).

And last, any "other reason [a]s determined by the Director of the Bureau of Prisons, [when] there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. at cmt. n.1(D). Although the phrase "other than" has been broadly interpreted by some courts, the Eleventh Circuit explained that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." United States v. Bryant, 996 F.3d at 248; United States v. Beckford, No. 22-10638, 2022 WL 4372553, at *2 (11th Cir. Sept. 22, 2022) (the "district courts may not 'find[ ] extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.'") (quoting United States v. Giron, 15 F.4th at 1343, 1347 (11th Cir. 2021)). Thus, the Court is constrained by the determinations of the Director of the BOP.  See Bureau of Prisons Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g).*

Review of Program Statement 5050.50 indicates that the Director of the BOP has determined that certain medical conditions regardless of age, i.e., terminal or debilitating medical conditions; certain medical or mental conditions affecting inmates 65 and older who have served at least 50% of their sentence;  and certain family circumstances involving the death or

---

See Houser v. United States, 808 Fed. Appx.  969, 971 (11th Cir. 2020).  Therefore, Mosely filed

incapacitation of the caregiver for the inmate's minor children, or disabled spouse or registered partner, may, if conditions are met, constitute grounds for a reduction of sentence.

Since Congress specifically stated that a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) must be consistent with the applicable Policy Statements and the Eleventh Circuit has held that U.S.S.G. § 1B1.13 is the applicable Policy Statement, 996 F. 3d at 1262, this Court is without authority to disregard the Policy Statement's plain language. Thus, a reduction of sentence based upon the circumstance Mosely presents – that his offense of conviction is no longer a "serious drug offense" or that his prior felony drug offenses are no longer "serious drug offenses" - would not be consistent with Policy Statement § 1B1.13.

III. Conclusion

Accordingly, for the reasons set forth herein, Mosely's motion for compassionate release is denied.

**DONE** and **ORDERED** this 7th day of November 2022.

                **s / Kristi K. DuBose**
                **KRISTI K. DuBOSE**
                **UNITED STATES DISTRICT JUDGE**

---

his motion after the lapse of 30 days from the Warden's receipt of his request.